# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL WHITFIELD,

    Plaintiff,

v.

NEVADA STATE PERSONNEL, *et al.*,

    Defendants.

Case No.: 3:20-cv-00637-MMD-WGC

**ORDER**

Re: ECF No. 20

Before the court is Plaintiff's "Motion for Reconsideration for Appointment of Counsel" (ECF No. 20). Plaintiff seeks reconsideration of this court's order of June 22, 2021 (ECF No. 18), which denied Plaintiff's motion for appointment of counsel (ECF No. 15). Plaintiff's rationale for such is that (1) he is unable to obtain counsel and "has pursued all avenues open to him," (2) Nevada Legal and Washoe Legal "cannot help and referred Plaintiff to Nevada State Bar which has ran out of referrals for Plaintiff," (3) Plaintiff believes "Kevin Pick and Cameron Vandenberg have blackballed the Plaintiff," (4) "Everyone has worked for Attorney General or Nevada Department of Corrections at one time and stated conflict of interest," (5) there are "many complicated cases and law and Federal Rules of Civil Procedure that are open to interpretation," (6) Plaintiff has reached out to Southern Nevada Legal Center and "is still waiting since August

2020," and (7) there are "no services to assist pro se litigants and this makes this process grossly unfair for the pro se litigant." (*Id.* at 1, 2.)

As the court previously explained to Mr. Whitfield, while any *pro se* litigant would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted); *see also United States v. $292,888.04,* 54 F.3d 564, 569 (9th Cir. 1995). 28 U.S.C. § 1915, however, governs in forma pauperis proceedings and provides that the court may request an attorney to represent a person who cannot afford counsel. 28 U.S.C. § 1915(e)(1). Such an appointment is within the court's discretion, and should only be done when "exceptional circumstances" are present. *Palmer*, 560 F.3d at 970 (citation omitted); *Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)). In determining whether these circumstances exist, "a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Palmer,* 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir 1983)); *Agyeman*, 390 F.3d at 1103. "Neither of these considerations is dispositive and instead must be viewed together." *Palmer,* 560 F.3d at 970 (citation omitted).

Plaintiff has again failed to explain the likelihood of success on the merits of his claims or the complexity of the legal issues involved. Thus far, Plaintiff has demonstrated an ability to

articulate his claims. While Plaintiff asserts that this case involves complex issues, he does not explain how the issues are complex.

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Reconsideration for Appointment of Counsel" (ECF No. 20) is **<u>DENIED</u>**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. §636 (b)(1)(A) and Rule IB 3-1 of the Local Rules of Practice, specific written objections to **the court's orders and rulings as set forth in these minutes** within fourteen (14) days after service of these minutes of proceedings. These objections should be titled "Objections to Magistrate Judge's Order" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Order is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: July 7, 2021.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE