UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL WHITFIELD,<br><br>                  Plaintiff,<br>    v.<br><br>NEVADA STATE PERSONNEL, *et al.*,<br><br>                  Defendants. | Case No. 3:20-cv-00637-MMD-WGC<br><br>ORDER |

**I.  SUMMARY**

*Pro se* Plaintiff Michael Whitfield brings this action against Defendants for employment discrimination. (ECF No. 12.) Before the Court are two motions to dismiss, one filed by Defendants James Dzurenda, Nevada Department of Correction ("NDOC"), Nevada State Personnel Commission, Nevada Department of Administration, and Lorna Ward (collectively, "Original Defendants") (ECF No. 13),[1] and one filed by Defendant Kevin Ranft (ECF No. 26).[2] Defendants move to dismiss, in part, for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).[3] Also before the Court is Whitfield's motion to extend time of service (second request) (ECF No. 39), Original Defendants' motion for leave to file supplemental legal authority (ECF No. 29), and Whitfield's motion for leave to file supplemental legal authority (ECF No. 31). Because

---

[1] Whitfield also added former Governor Brian Sandoval, Travis Roberts, Lisa Walsh, and Perry Russell as Defendants in the amended complaint. (ECF No. 12.) Original Defendants' motion to dismiss similarly seeks dismissal of these additional Defendants for failure to timely effectuate service of process. The Court grants the request because no proof of service has been filed relating to these additional Defendants.

[2] Defendant Kevin Ranft is a labor representative for the American Federation of State, County, and Municipal Employees, Local 4041. (ECF No. 26 at 1, 3.) He is not employed by the State of Nevada. (*Id.*)

[3] Whitfield filed responses to the motions to dismiss (ECF Nos. 16, 38), and Original Defendants and Ranft filed replies (ECF Nos. 19, 41).

the Court finds that service was insufficient and Whitfield failed to demonstrate good cause or excusable neglect, and as further explained below, the Court will grant the motions to dismiss, deny Whitfield's motion for extension of time, and deny the other pending motions as moot.

## II.  BACKGROUND

The following allegations are adapted from the first amended complaint ("FAC") unless otherwise noted. (ECF No. 12.)

Whitfield sued Defendants for employment discrimination on the basis of race. (*Id*. at 15-18.) In August 2017, Whitfield's former partner obtained a three-year order of protection against him in California. (ECF Nos. 12 at 3-4, 16 at 2.) The order of protection prohibited Whitfield, who was an NDOC correctional officer at the time, from carrying a firearm, which was a condition of his employment. (ECF No. 12 at 5, 8.) Whitfield alleges that he was denied leave without pay, refused retraining for another position, and wrongfully terminated on April 18, 2018. (*Id*. at 5-8.) Original Defendants contend that Whitfield was terminated because he was unable to "resolve the restraining order and complete his biannual firearm qualification requirements" for his position. (ECF No. 13 at 4.)

On November 13, 2020, Whitfield filed the initial complaint against Original Defendants, with proof of service due on February 11, 2021. (ECF No. 1.) On March 2, 2021, the Court issued a notice of intent of dismiss under Fed. R. Civ. P. 4(m) because Whitfield failed to file proof of service for Original Defendants and set the dismissal deadline for April 1, 2021. (ECF No. 5.) Whitfield filed a declaration of service for the Original Defendants on March 29, 2021.[4] (ECF No. 6.) On April 9, 2021, Original Defendants filed a motion to dismiss for, in part, insufficient service of process under Rule 12(b)(5). (ECF Nos. 7 at 16-18.) The Court granted Whitfield leave to amend his complaint and denied the motion to dismiss as moot. (ECF No. 11.)

---

[4]To date, Whitfield has not formally filed any other declaration of service. However, he has provided some additional declarations as exhibits in his second motion to extend time for service. (ECF No. 39.)

On May 20, 2021, Whitfield filed the FAC, with service due on August 18, 2021, and added former Governor Sandoval, Warden Perry Russell, Assistant Warden Lisa Walsh, Lieutenant Travis Roberts, and labor representative Kevin Ranft as Defendants. (ECF No. 12.) Original Defendants filed a nearly identical motion to dismiss for, in part, insufficient service under Rule 12(b)(5). (EF No. 13 at 17.) Whitfield filed a motion to extend time of service on July 1, 2021, which United States Magistrate Judge William G. Cobb denied because Whitfield failed to show good cause or excusable neglect for untimely and improper service.[5] (ECF Nos. 21, 25.) On August 26, 2021, Defendant Kevin Ranft filed a motion to dismiss due, in part, to insufficient service.[6] (ECF No. 26 at 7.) On October 12, 2021, Whitfield filed a second motion to extend time for service, which is pending before the Court. (ECF No. 39.)

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) permits Defendants to move to dismiss for insufficient service of process. Moreover, Rule 4(m) permits a court to dismiss a case without prejudice "[i]f a defendant is not served within 90 days after the complaint is filed," unless "the plaintiff shows good cause for the failure." *See* Fed. R. Civ. P. 4(m). When service is challenged, the plaintiff bears the burden of establishing the validity of service under Rule 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). A federal court lacks personal jurisdiction over a defendant if service of process is insufficient. *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

Although Rule 4 is flexible and "should be liberally construed so long as a party receives sufficient notice of the complaint," "[n]either actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013); *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)

---

[5]Whitfield also filed a motion for service by publication, which Judge Cobb similarly denied. (ECF Nos. 32, 37.)

[6]Original Defendants and Ranft also argued for dismissal for failure to state a claim upon which relief may be granted under FRCP 12(b)(6). (ECF Nos. 13 at 2, 26 at 1.)

(citations omitted). Moreover, "sufficiency of service can be a fact-driven inquiry." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). If the plaintiff has failed to substantially comply with Rule 4(m), there are "two avenues for relief" instead of dismissal. *Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009). First, "the district court must extend time for service upon a showing of good cause." *Id*. Second, if there is no good cause, "the district court may extend time for service upon a showing of excusable neglect." *Id.*

## IV.  DISCUSSION

The deadline to serve the Original Defendants was February 11, 2021, and the deadline to serve the new Defendants named in the FAC was August 18, 2021.[7] Both deadlines have since expired. The Court now focuses its inquiry on whether Whitfield substantially complied with Rule 4 and Nevada service rules by the deadlines. Because Whitfield failed to substantially comply with the service rules, the Court next considers whether Whitfield demonstrated good cause or excusable neglect for the insufficient service. As Whitfield has failed to so show, the Court will grant Defendants' motions to dismiss.

### A.  Substantial Compliance with Service Rules

The Court first addresses whether Whitfield substantially complied with Federal Rule of Civil Procedure ("FRCP") 4 and Nevada Rule of Civil Procedure ("NRCP") 4.2 for Defendants that are state agencies, then for current and former state officers, and finally for labor representative Ranft, since he filed a separation motion to dismiss.

#### 1.  State Agencies

Whitfield failed to substantially comply with the federal and state service rules for the state agencies. Original Defendants argue that service of process was insufficient

---

[7]The filing of an amended complaint does not restart the 90-day service period imposed by Rule 4(m), except "as to those defendants newly added in the amended complaint." *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006). The deadline for service of Defendants named in the original complaint was February 11, 2021. (ECF No. 1.) However, the Court, on its own, granted Whitfield an extension and gave him a deadline of April 1, 2021, to file proof of service for the Original Defendants. (ECF No. 5.)

4

because Whitfield served unauthorized employees or failed to serve the requisite entities and individuals under FRCP 4 and NRCP 4.2. (ECF No. 13 at 18-20.) Whitfield counters that service was sufficient because he served the Attorney General's Office and alleges that service on unauthorized agents had been acceptable in the past. (ECF Nos. 16 at 16-17, 39 at 2.) The Court agrees with Original Defendants.

FRCP 4(j)(2) provides that a state government must be served by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Under NRCP 4.2(d)(1), the plaintiff must serve the state and its public entities by "delivering a copy of the summons and complaint to: (A) the Attorney General, or a person designated by the Attorney General to receive service of process, at the Office of the Attorney General in Carson City; and (B) the person serving in the office of administrative head of the named public entity, or an agent designated by the administrative head to receive service of process."

For the Nevada State Personnel Commission ("Commission"), Whitfield filed a declaration of service showing that a copy of the original complaint was left with Karen Rutledge at the AG's Office on March 19, 2021. (ECF No. 6 at 1.) The Court finds that service was insufficient for the following reasons. First, Whitfield failed to serve a copy of the summons on the AG or the Commission,[8] as required by FRCP 4(j)(2)(A) and NRCP 4.2(d)(1). *See Omni Capital Int'l*, 484 U.S. at 104 (noting that "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied"). Second, Whitfield did not serve the chief executive officer, administrative head of the Commission, or an agent designated by the administrative

---

[8]In their motion to dismiss, Original Defendants initially assert that Whitfield delivered a copy of both the summons and complaint. (ECF No. 13 at 18-19.) However, they later corrected this statement in their response to Whitfield's motion to extend service and stated that "none of the declarations of service provided by [Whitfield] show that a summons was also served with a copy of the complaint or amended complaint." (ECF No. 40 at 4.) Since Whitfield's declarations only show delivery of the complaint or FAC, the Court construes Original Defendants' initial statement as an error.

head to receive service, as required by FRCP 4(j)(2)(A) and NRCP 4.2(d)(1)(B). (ECF No. 13 at 18.) Finally, Whitfield failed to provide any proof that he served a copy of the FAC, as required by Local Rule 15-1(b). *See* LR 15-1(b) (stating that "[i]f the court grants leave to file an amended pleading, and unless the court orders otherwise, the moving party must then file and serve the amended pleading"). Thus, Whitfield did not substantially comply with state and federal service rules for the Commission.

For the Nevada Department of Administration ("Department"), Whitfield filed a declaration of service showing that a copy of the original complaint was left with Process Specialist Brandy on March 19, 2021. (ECF No. 6-1 at 1.) Whitfield also provided a declaration[9] showing that a copy of the FAC was left with Sandie Guyer at the AG's Office on May 28, 2021. (ECF No. 39 at 8.) The Court finds that service was insufficient for the following reasons. First, the declarations do not show that the AG and Department were served with the summons. (ECF Nos. 6-1 at 1, 39 at 8.) *See* FRCP 4(j)(2); NRCP 4.2(d)(1). Second, for the original complaint, Whitfield never served the AG's Office, and it is unclear whether Brandy was authorized by the Department's administrative head to receive service. (ECF Nos. 6-1 at 1, 13 at 18-19.) *See* NRCP 4.2(d)(1). Since the filing of an amended complaint does not toll or restart the 90-day service deadline under Rule 4(m), the Court finds that Whitfield failed to properly serve the Department by the April 1, 2021, deadline. *See Bolden*, 441 F.3d at 1148.

Even if the Court were to consider Whitfield's declaration of service for the FAC, it finds that service was also insufficient. First, Whitfield failed to provide a declaration that the Department's administrative head or chief executive officer was served. *See* FRCP 4(j)(2)(A); NRCP 4.2(d)(1)(B). Second, it is unclear whether Sandie Guyer at the AG's Office was authorized by the Department's administrative head to accept service, or if she was only a designated agent of the AG. (ECF Nos. 39 at 8, 40 at 4.) *See* NRCP 4.2(d)(1)(B).

---

[9] Whitfield failed to separately file the declarations of service for the FAC with the Court, and instead attached them as exhibits in his second motion for extension of service. (ECF No. 39 at 7-9.)

6

       For the NDOC, Whitfield filed a declaration of service showing that a copy of the original complaint was left with Administrative Assistant Joel Hightower on March 19, 2021. (ECF No. 6-2 at 1.) Whitfield also provided a declaration showing that a copy of the FAC was left with Katie Collins at the AG's Office on June 1, 2021. (ECF No. 39 at 7.) This service, too, was insufficient for the following reasons. First, the record does not show that the NDOC or AG was served with the summons. (ECF Nos. 6-2 at 1, 39 at 7.) *See* FRCP 4(j)(2); NRCP 4.2(d)(1). Second, as to the original complaint, Whitfield did not serve the AG's Office, and according to Original Defendants, Joel Hightower is a correctional officer, not an administrative assistant, and he is not authorized to accept service on the NDOC's behalf. (ECF No. 13 at 19.) *See* NRCP 4.2(d)(1). Whitfield therefore failed to properly serve the NDOC by the April 1, 2021, deadline. *See Bolden*, 441 F.3d at 1148.

       Even if the Court were to consider Whitfield's second declaration for the FAC, it finds that service was insufficient as well. First, Whitfield fails to provide a declaration that the NDOC's administrative head or chief executive officer was served. *See* FRCP 4(j)(2)(A); NRCP 4.2(d)(1)(B). Next, it is unclear whether Katie Collins at the AG's Office was authorized by the NDOC administrative head to accept service, or if she was only a designated agent of the AG. (ECF Nos. 39 at 7, 40 at 4.) *See* NRCP 4.2(d)(1)(B).

       Accordingly, Whitfield's service of the Commission, Department, and NDOC did not substantially comply with federal or state service rules.

       **2.  State Officials**

       Similarly, Whitfield's service of the individual State Defendants also failed to substantially comply with federal and state service rules. The Court first addresses compliance of service for the Original State Defendants, and then addresses service for the new State Defendants, who were added to the FAC.

       Under FRCP 4(e), an individual must be served pursuant to the state law "where the district court is located or where service is made" *or* by "delivering a copy of the summons and of the complaint to the individual personally[,]" "leaving a copy of each at

the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[,]" or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." NRCP 4.2(d)(2) requires a current or former state officer who is sued in their official or individual capacity "for an act or omission relating to his or her public duties or employment" to be served by "delivering a copy of the summons and complaint to: (A) the Attorney General, or a person designated by the Attorney General to receive service of process, at the Office of the Attorney General in Carson City; and (B) the current or former public officer or employee, or an agent designated by him or her to receive service of process."

For Ward, Whitfield filed a declaration showing that a copy of the original complaint was left with Process Specialist Brandy on March 19, 2021. (ECF No. 6-1 at 1.) Whitfield also provided a declaration showing that a copy of the FAC was left with Sandie Guyer at the AG's Office on May 28, 2021. (ECF No. 39 at 8.) The Court finds that service was insufficient for the following reasons. First, Whitfield failed to show that Ward or the AG was served with the summons. *See* FRCP 4(e); NRCP 4.2(d)(2). Second, for the original complaint, Whitfield failed to show that Ward was personally served or that Brandy was authorized to accept service on her behalf. (ECF No. 13 at 19.) *See* FRCP 4(e)(2); NRCP 4.2(d)(2)(B). Moreover, Whitfield never served the AG with the original complaint, which is required under Nevada rules. (*Id*.) *See* NRCP 4.2(d)(2)(A). Whitfield therefore did not sufficiently serve Ward by the April 1, 2021, deadline. *See Bolden*, 441 F.3d at 1148.

Even if the Court were to consider Whitfield's second declaration for the FAC, it finds that service was also insufficient. First, Whitfield failed to show that Ward was personally served with the FAC. (ECF No. 40 at 4.) *See* FRCP 4(e)(2); NRCP 4.2(d)(2)(B). Second, it is unclear whether Sandie Guyer at the AG's Office was specifically authorized by Ward to accept service on her behalf, or if Guyer was only a designated agent of the AG. (ECF No. 39 at 8.) *See* FRCP 4(e)(2)(C); NRCP 4.2(d)(2)(B).

For Dzurenda, Whitfield filed a declaration showing that a copy of the original complaint was left with Administrative Assistant Joel Hightower on March 19, 2021. (ECF

No. 6-2 at 1.) Whitfield also provided another declaration showing that a copy of the FAC was left with Katie Collins of the AG's Office on June 1, 2021. (ECF No. 39 at 7.) The Court finds that service was insufficient for the following reasons. First, the declarations do not indicate that Dzurenda or the AG was served with the summons. *See* FRCP 4(e); NRCP 4.2(d)(2). Second, as to the original complaint, Whitfield fails to show that Dzurenda was personally served, and according to Original Defendants, Hightower was not authorized to accept service on Dzurenda's behalf. (ECF No. 13 at 19.) *See* FRCP 4(e)(2); NRCP 4.2(d)(2)(B). Whitfield also never served the AG with the original complaint for Dzurenda, as required by NRCP 4.2(d)(2)(A). Hence, Whitfield did not properly serve Dzurenda by the April 1, 2021, deadline. *See Bolden*, 441 F.3d at 1148.

Even if the Court were to consider Whitfield's second declaration for the FAC, it finds that service was insufficient as well. First, Whitfield failed to show that Dzurenda was personally served with the FAC. (ECF No. 40 at 4.) *See* FRCP 4(e)(2); NRCP 4.2(d)(2)(B). Next, it is unclear whether Katie Collins of the AG's Office was specifically authorized by Dzurenda to accept service on his behalf, or if she was merely the designated agent of the AG, who is representing Dzurenda in this lawsuit. (ECF No. 39 at 7.) *See* FRCP 4(e)(2)(C); NRCP 4.2(d)(2)(B).

Finally, Original Defendants argue that Whitfield has not tried to serve Defendants Sandoval, Russell, Walsh, and Roberts, who were added to the FAC, at all. (ECF Nos. 13 at 3, 40 at 4.) To date, Whitfield has not filed proof of service for any of these Defendants, and it is unclear whether he even attempted to serve them at all. Whitfield provided an activity report from the messenger service he used, which he said showed "his efforts to serve the defendants by the Reno Messenger Service." (ECF No. 39 at 2.) The report appears to contain a list with addresses for Sandoval, Russell, Walsh, and Roberts. (*Id*. at 15.) However, it is unclear from the report itself whether service was actually attempted at those addresses, and Whitfield fails to provide further explanation or clarification about the report in his motion. (*Id*. at 2, 15.) He also does not assert that he actually completed service for these new State Defendants. (*Id*. at 2-3.) Having

reviewed the record, the Court finds that Whitfield failed to serve Defendants Sandoval, Russell, Walsh, and Roberts by the August 18, 2021, deadline.[10]

The Court is not persuaded by Whitfield's arguments that service was sufficient because the AG had been served, and service on unauthorized employees was permissible in the past. (ECF Nos. 16 at 16-17, 39 at 2.) As explained above, simply serving the AG for some Defendants or serving an unauthorized employee is insufficient and does not substantially comply with federal and state service rules. *See Jackson*, 682 F.2d at 1347 (noting that "[n]either actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4").

### 3. Kevin Ranft

Because Defendant Ranft was not served with a summons, the Court will grant his motion to dismiss. *See Omni Capital Int'l*, 484 U.S. at 104. Ranft acknowledges, and Whitfield's declaration shows, that Ranft was personally served with the FAC on May 27, 2021—before the August 18, 2021, deadline. (ECF Nos. 26 at 2, 26-1 at 2, 39 at 9.) However, the record supports that Ranft was not served with a summons, as is required by FRCP 4(e)(2) and NRCP 4.2(a). (ECF No. 39 at 9.) Whitfield therefore failed to substantially comply with federal and state service rules for Ranft.

Alternatively, Ranft argues that dismissal is appropriate under Rule 12(b)(6) because Whitfield's amended complaint "fails to state any claims against [him] that present cognizable legal theories." (ECF No. 26 at 4.) In the FAC, Whitfield's only allegations against Ranft were that he "was ineffective as union counsel because of inaction and ignorance" and "should have advised [Whitfield] of his inexperience before becoming [Whitfield's] representative." (ECF No. 12 at 11.) Whitfield does not provide any additional facts or details in the FAC to support these allegations. (*Id.*) He also does not

---

[10]In denying the motion for extension of time to serve Original Defendants on August 4, 2021, Judge Cobb pointed out the approaching deadline for service of process on the additional Defendants—August 18, 2021—and that Whitfield had not moved to extend that deadline. (ECF No. 25 at 4.)

specify which of the six causes of action in the FAC are against Ranft. (ECF Nos. 12 at 14-19, 26 at 2.) Even as liberally construed, in light of Whitfield's *pro se* status, the vague and conclusory statements in the FAC against Ranft do not rise "above the speculative" or contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlanta Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Hence, even if service on Ranft substantially complied with state and federal rules, the Court finds that dismissal of Ranft is still proper under FRCP 12(b)(6).

### B. Good Cause or Excusable Neglect

Because Whitfield did not substantially comply with FRCP 4 and NRCP 4.2, the Court will evaluate whether Whitfield has demonstrated good cause to warrant an extension of service time. *See Lemoge*, 587 F.3d at 1198. The Ninth Circuit has held that "[a]t a minimum, good cause means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (quotations omitted). *See also Lemoge*, 587 F.3d at 1198 n.3 (noting that "[g]ood cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect"). However, "[i]n addition to excusable neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Lemoge*, 587 F.3d at 1198 n.3 (quotation omitted). As explained below, because Whitfield has not made the threshold showing of excusable neglect, the Court will not engage in this analysis.

When evaluating whether neglect is excusable, the Court must consider at least four factors "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id*. at 1192 (citations omitted).

While the record does not suggest that Whitfield acted with anything less than good faith, the other three factors weigh against a finding of excusable neglect. For the first factor, the Court finds that prejudice to Defendants is significant. The issue of service has

11

been ongoing since November 2020. With the passage of time, memories will likely fade, evidence may become stale, and witnesses may be harder to locate. *See Lovelady v. Las Vegas Metro. Police Dep't*, 649 F. App'x 358, 359 (9th Cir. 2016) (noting that "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale") (citation and quotation omitted). Moreover, it is dubious whether all Defendants have actual notice of the lawsuit since, as explained above, service was either insufficient or non-existent. Thus, Defendants cannot properly defend themselves against Whitfield's allegations.

As to the second factor, the length of delay here has been substantial. Whitfield filed his initial complaint on November 13, 2020, and his FAC on May 20, 2021; service was due for the Original Defendants on February 11, 2021, and for the new Defendants on August 18, 2021. (ECF Nos. 1, 12.) To date, more than a year after Whitfield initiated the action, no Defendants have been properly served, if served at all. The significant delay not only hinders the progress of litigation, but also strains the Court's finite resources.

As to the third factor, the Court finds that Whitfield's reasons for the delay are unpersuasive. To start, Whitfield maintains that the process server did not know who could accept service and it was the receptionist's job to contact the appropriate personnel for service.[11] (ECF Nos. 16 at 16, 39 at 2.) The Court finds the arguments unpersuasive for the following reasons. First, it is Whitfield's responsibility, not Defendants', to ensure that the summons, issued by the Clerk, and the complaint are properly and timely served on Defendants. The federal and state service rules clearly state it is Whitfield's responsibility to "furnish the necessary copies to the person who makes service." FRCP 4(c)(1); *see also* NRCP 4(b).

---

[11] Whitfield also alleges that the process server tried to serve "the Chief Executive Officer" but was directed to the AG's Office. (ECF No. 16 at 16.) This argument fails because Whitfield does not provide any additional details or affidavits regarding when those service attempts were made, the addresses used, the names of the individuals who referred the process server to the AG's office, and the names of the chief executive officers he tried to serve. (*Id*.)

Case 3:20-cv-00637-MMD-WGC   Document 43   Filed 01/18/22   Page 13 of 16

Whitfield's argument that he and the process server did not know who could accept service is likewise unconvincing. *See Bonner v. Leon*, Case No. 2:13-cv-01858-APG-VCF, 2013 WL 6693649, at *2 (D. Nev. Dec. 17, 2013) (stating that good cause is "more than simple inadvertence, mistake of counsel, or ignorance of the rules"). In April 2021, Original Defendants provided Whitfield with clear and specific instructions on how to properly effectuate service and who he needed to serve in their first motion to dismiss. (ECF No. 7 at 16-18.) Original Defendants clearly outlined this information again in their second motion to dismiss, filed in June 2021. (ECF No. 13 at 17-20.) Moreover, Judge Cobb's order denying Whitfield's first motion for extension of service also provided him with a clear roadmap for service. (ECF No. 25 at 4-5.) Original Defendants and Judge Cobb further highlighted the apparent deficiencies in Whitfield's prior service attempts. (ECF Nos. 7 at 16-18, 13 at 17-20, 25 at 5-6.) Thus, Whitfield was properly informed of the appropriate service procedures on multiple occasions.

Despite prior warnings, including a notice of intent to dismiss from the Court in March 2021, Whitfield waited until July 1, 2021 (almost five months past the February 11, 2021, deadline) to file his first motion for extension of service for the Original Defendants, and until October 12, 2021 (almost two months after the August 18, 2021, deadline) to file his second motion for extension. (ECF Nos. 5, 21, 39.) To date, *more than a year* after he initiated this lawsuit in November 2020, Whitfield has failed to cure the deficiencies in service and has not filed *any* proof or declarations of service for at least four Defendants. *See Colen v. U.S.*, 368 F. App'x 837, 838 (9th Cir. 2010) (finding that the lower court "did not abuse its discretion by dismissing the action, without prejudice[,] after warning [*pro se* plaintiff] to comply with Federal Rule of Civil Procedure 4(m) and timely serve defendants, providing him an opportunity to demonstrate good cause when he failed to do so, and properly weighing the pertinent factors for dismissal").

Next, Whitfield argues that he had difficulty locating the addresses of current and former state officers, who retired or left their positions. (ECF No. 39 at 2.) While the Court is not unsympathetic to Whitfield's situation, the Court remains unpersuaded by

13

Whitfield's reasoning. First, Whitfield has not filed any affidavits or declarations of service for Defendants Sandoval, Walsh, Russell, and Roberts, and has failed to provide the Court with the specific steps he took, if any at all, to serve these individuals. (ECF Nos. 13 at 3, 40 at 4.) Second, Original Defendants previously notified Whitfield of the possible whereabouts of some Defendants. For instance, in their motion to dismiss, Original Defendants revealed that Dzurenda no longer worked for the NDOC and lived in New York. (ECF No. 13 at 19.) They even disclosed that Dzurenda was the current Sheriff of Nassau County in New York. (ECF No. 34 at 7.) To date, Whitfield has not presented any documentation that he attempted to personally serve Dzurenda in New York. Original Defendants also disclosed that Sandoval was the current President of the University of Nevada. (*Id*.) To date, Whitfield has failed to provide any declarations or proof of service for Sandoval. Thus, Whitfield failed to show that he was diligent in attempting to locate and serve Defendants—and his neglect is therefore not "excusable." *See Bonner*, 2013 WL 6693649, at *2 (noting that good cause is generally "equated with diligence").

Finally, Whitfield argues that Defendants have "made it difficult for [him] to achieve affective service" and suggests defense counsel may be hindering service. (ECF Nos. 38 at 4, 39 at 3.) The record does not support that Defendants are intentionally impeding Whitfield from effectuating service. In fact, as explained above, Original Defendants have provided Whitfield with clear steps to effectuate proper service in their motions to dismiss and explained the alleged deficiencies in service to him. (ECF Nos. 7 at 16-18, 13 at 17-20.) Even given the leniency allotted to *pro se* litigants, the Court finds that Whitfield's reasons for delay or insufficiency of service are unpersuasive. As explained above, Whitfield has been given ample notice and allotted more than enough time to correct the deficiencies in service, but to date, has not.

In sum, because the prejudice to Defendants is significant, the length of delay substantial, with an adverse impact on the litigation proceedings, and Whitfield's reasonings for the delay unpersuasive, the Court finds that Whitfield failed to demonstrate

excusable neglect.[12] *See Lemoge*, 587 F.23d at 1192. Since good cause requires a minimum showing of excusable neglect, the Court likewise finds that Whitfield has not demonstrated good cause and an extension of service is not warranted here. *See id*. at 1198 n.3; *Boudette*, 923 F.2d at 756. The Court must therefore dismiss the case without prejudice. *See U.S. v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004) (citation omitted) (stating "[i]f the court declines to extend the time for service of process, the court shall dismiss the suit without prejudice").

### C. Service by Publication

In his second motion for extension of service, Whitfield alternatively requests service by publication in the Reno Gazette Journal and the "Carson City Appeal" if the Court denied his motion. (ECF No. 39 at 3.) The Federal Rules of Civil Procedure generally allows for service in the manner prescribed by state law. *See* FRCP 4(e)(1); FRCP 4(j)(2). However, Whitfield failed to show that traditional service methods are impracticable and has not complied with the specific requirements and formalities that accompany a motion for service by publication in Nevada.[13] *See* NRCP 4.4(c). The Court therefore denies Whitfield's request.

### V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and

---

[12] Even if the Court found excusable neglect, dismissal would still be appropriate because Whitfield cannot show the additional three *Lemoge* factors that "bring the excuse to the level of good cause." *Lemoge*, 587 F.3d at 1198 n.3. As explained above, the prejudice to Defendants is great, and there is significant doubt as to whether all Defendants received actual notice since service has been either insufficient or completely non-existent. While Whitfield will likely suffer some prejudice if this case is dismissed, he may refile his lawsuit since dismissal is without prejudice. Hence, even upon a finding of excusable neglect, the excuse would not rise to the level of good cause and dismissal is still proper. *See id*.

[13] The Court notes that Judge Cobb previously cautioned Whitfield "that seeking leave to serve by publication under Fed. R. Civ. P 4(e)(1) and its counterpart Nevada Rules, i.e., Nev. R. Civ. P. 4(e)(1)(i) and (iii) require more than just making a motion for publication" and summarized some of the requirements for Whitfield. (ECF No. 37 at 3.)

determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that the Motion to Dismiss (ECF No. 13) the Amended Complaint (ECF No. 12) by Defendants Dzurenda, Nevada Department of Corrections, Nevada State Personnel, Nevada Department of Administration, and Ward is granted.

It is further ordered that the Motion to Dismiss (ECF No. 26) by Defendant Ranft is granted.

It is further ordered that Whitfield's Motion to Extend Time for Service (Second Request) (ECF No. 39) is denied.

It is further ordered that Defendants' Motion for Leave to File Supplemental Legal Authority (ECF No. 29) is denied as moot.

It is further ordered that Whitfield's Motion for Leave to File Supplemental Legal Authority (ECF No. 31) is denied as moot.

It is further ordered that this case is dismissed without prejudice.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 18th Day of January 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE